UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARON PEACOCK,

    Plaintiff,   Hon. Janet T. Neff

v.   Case No. 1:15-cv-572

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 51 years of age on his alleged disability onset date. (PageID.159). He possesses an eleventh grade education and worked previously as a stone repairer, maintenance machine repairer, construction worker, and automobile body repairer. (PageID.44, 55). Plaintiff applied for benefits on August 13, 2012, alleging that he had been disabled since May 29, 2009, due to lower back problems (herniated disc, pinched nerve, and degenerative disc disease) and arthritis. (PageID.159-71, 190). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.95-157).

On December 5, 2013, Plaintiff appeared before ALJ J. William Callahan with testimony being offered by Plaintiff and a vocational expert. (PageID.50-93). In a written decision dated February 14, 2014, the ALJ determined that Plaintiff was disabled beginning April 5, 2013, but not prior thereto. (PageID.34-46). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.24-26). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) lower back pain; (2) herniated disc; (3) pinched nerve; (4) degenerative disc disease; and (5) arthritis, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.36-38).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) Plaintiff requires a "sit/stand option of ten minutes per position"; (2) he can occasionally climb ramps or stairs, but can never stoop, crawl, or climb ladders, ropes, or scaffolds; (3) he can perform incidental (defined as once every ten minutes) kneeling, crouching, twisting, and squatting; (4) he has unlimited ability to drive, balance, and use foot controls; and (5) he has no manipulative, visual, communicative, or environmental limitations other than he has diminished right hand strength with a maximum lifting of 10 pounds with this hand and he must avoid concentrated exposure to vibration, extreme wetness, humidity, and fast moving, heavy machinery.  (PageID.38).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.

*O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 20,000 jobs in the state of Michigan, and approximately 280,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.84-90). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits between the dates of May 29, 2009, and April 4, 2013. The ALJ further concluded, however, that as of April 5, 2013, the date on which Plaintiff turned 55 years of age, Plaintiff was disabled pursuant to the Medical-Vocational Guidelines.[2] Accordingly, the issue presented by Plaintiff's appeal is whether substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled between May 29, 2009, and April 4, 2013.

---

[2] The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of one of the particular rules correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013).

**I.       Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that he was far more limited than the ALJ recognized. Specifically, Plaintiff testified that his left leg is "numb and tingling all the time" and that when he attempts to walk "it's just nothing there, and I fall over." (PageID.69). Plaintiff also testified that he suffered from urinary incontinence and must use the bathroom 3-4 times each hour. (PageID.70-72). Plaintiff reported that he experiences constant back and neck pain which regularly rates 8-9 on a 1-10 scale. (PageID.72-73). Plaintiff testified that he must "constantly" sit with his leg elevated. (PageID.74). Plaintiff reported that he could not even lift a gallon of milk. (PageID.75-76). The ALJ discounted Plaintiff's subjective allegations. (PageID.39-41). Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his allegations is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively

>established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In support of his decision to discount Plaintiff's credibility, the ALJ noted that neither the objective medical record nor the type of treatment Plaintiff received supported Plaintiff's subjective allegations. This assessment is supported by substantial evidence.

A June 23, 2009 MRI of Plaintiff's lumbar spine revealed "very minimal" disc bulging "without significant focal disc protrusion, central canal stenosis or significant neural foraminal narrowing." (PageID.255). A March 13, 2011 MRI of Plaintiff's lumbar spine revealed ""very minimal degenerative changes" with "no evidence of significant spinal canal narrowing, significant neural foraminal narrowing nor nerve root impingement." (PageID.233-34). On April 25, 2011, Plaintiff participated in electrodiagnostic testing the results of which were "normal" with "no evidence of a radiculopathy." (PageID.228-29).

On May 9, 2011, Plaintiff participated in a neurosurgery consultation, the results of which revealed "no surgically correctable pathology." (PageID.240-42). The doctor instead concluded that "continued conservative treatment is recommended." (PageID.241). A January 12, 2012 MRI of Plaintiff's lumbar spine revealed "stable" degenerative changes and "a very small" disc protrusion "without nerve root displacement." (PageID.244-45). The results of a November 19, 2012 physical examination revealed that Plaintiff could perform work consistent with the ALJ's RFC determination. (PageID.306-08). The results of a January 23, 2013 examination were unremarkable with no evidence of motor, muscle, or neurological abnormalities. (PageID.317).

The ALJ also noted that Plaintiff had "worked only sporadically prior to [his] alleged disability onset date, which raises a question as to whether [Plaintiff's] continued unemployment is actually due to medical impairments." (PageID.41). This likewise supports the ALJ's credibility assessment. *See, e.g., Matula v. Commissioner of Social Security*, 2013 WL 6713829 at *7 (E.D.

Mich., Dec. 20, 2013) (it is "appropriate for ALJ to consider poor work history when evaluating credibility"). In sum, the ALJ's credibility assessment is supported by substantial evidence.

### II.  Medical Opinion Evidence

On June 20, 2012, and December 2, 2013, Physician's Assistant Bruce Reames completed forms regarding Plaintiff's residual functional capacity. (PageID.325-28, 338-46). Reames concluded that Plaintiff was far more limited than the ALJ recognized. The ALJ, however, afforded little weight to Reames' opinions. (PageID.42-43). Plaintiff argues that he is entitled to relief because the ALJ's assessment of Reames' opinions is not supported by substantial evidence.

The ALJ articulated several reasons for discounting Reames' opinions all of which are supported by substantial evidence. As the ALJ recognized, a physician's assistant is not an acceptable medical source whose opinions are entitled to any deference. *See, e.g.,* 20 C.F.R. §§ 404.1513, 416.913; *Oudsema v. Commissioner*, 2013 WL 588925 at *2 (W.D. Mich., Feb. 13, 2013). A physician's assistant is considered an "other source," whose opinions must be "considered," a requirement with which the ALJ complied. *Oudsema*, 2013 WL 588925 at *2.

The ALJ noted that while Reames stated that the work-preclusive limitations he articulated for Plaintiff began in April 2008, Plaintiff actually continued working until 2009. (PageID.42, 57, 174, 177, 328). The ALJ observed that Reames' contemporaneous treatment notes do not support his subsequent opinions that Plaintiff suffers from such extreme limitations. (PageID.42-43, 264-305). As the discussion in the preceding section indicates, and the ALJ recognized, the objective medical evidence offers no support for Reames' opinions. (PageID.43). Finally, the ALJ observed that Reames "apparently relied quite heavily on the subjective report of

symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." (PageID.42). Again, as the discussion in the preceding section reveals and as the ALJ concluded, "there exist good reasons for questioning the reliability of the claimant's subjective complaints." (PageID.42). Accordingly, the Court finds that substantial evidence supports the ALJ's decision to discount Reames' opinions.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  April 7, 2016                 /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge